**United States District Court**

For the Northern District of California

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   ZACHERY DUFFY,                          No   C-02-2250 VRW

12          Plaintiff,                       ORDER

13          v

14   SAN FRANCISCO POLICE DEPARTMENT
     et al,
15

16          Defendant.

17   _____/

18

19          After three years of delay, plaintiff attempted to serve

20   a summons and complaint on certain individual officers of the San

21   Francisco Police Department (SFPD) named as defendants in this

22   action.  Those officers -- Michael Turkington, G Pak, Sergio Lopez,

23   Warren Lee, Latanya Briggs and Jose Guardado (collectively, the

24   "officers") -- move to dismiss the complaint pursuant to FRCP

25   12(b)(5) for insufficiency of service of process.  Doc #50.  For

26   the reasons that follow, the motion is GRANTED.

27          FRCP 4(e)(1) provides that "service upon an individual *

28   * * may be effected * * * pursuant to the law of the state in which

**United States District Court**
For the Northern District of California

1  the district court is located."  California law (like federal law,

2  see FRCP 4(e)(2)) expresses a preference for personal service.  But

3  plaintiff did not personally serve the officers; instead, he relied

4  on the provisions for substitute service found in Cal Code Civ Pro

5  § 415.20(b) (erroneously cited as § 415.20(a) on the summonses):

6        If a copy of the summons and complaint cannot
         with reasonable diligence be personally
7        delivered to the person to be served, as
         specified in Section 416.60, 416.70, 416.80, or
8        416.90, a summons may be served by leaving a
         copy of the summons and complaint at the
9        person's dwelling house, usual place of abode,
         usual place of business, or usual mailing
10       address other than a United States Postal
         Service post office box, in the presence of a
11       competent member of the household or a person
         apparently in charge of his or her office,
12       place of business, or usual mailing address
         other than a United States Postal Service post
13       office box, at least 18 years of age, who shall
         be informed of the contents thereof, and by
14       thereafter mailing a copy of the summons and of
         the complaint by first-class mail, postage
15       prepaid to the person to be served at the place
         where a copy of the summons and complaint were
16       left.  Service of a summons in this manner is
         deemed complete on the 10th day after the
17       mailing.

18  There is no dispute that service was effected in the manner

19  described above, but the officers argue that plaintiff did not use

20  "reasonable diligence" in attempting to deliver the summons and

21  complaint personally to the officers.  It is plaintiff's burden to

22  demonstrate "reasonable diligence."  See <u>Walker & Zanger (West</u>

23  <u>Coast) Ltd v Stone Design SA</u>, 4 F Supp 2d 931, 934 (C D Cal 1997)

24  (citing <u>Carimi v Royal Carribean Cruise Line, Inc</u>, 959 F2d 1344,

25  1346 (5th Cir 1992)) ("Once the validity of service of process is

26  contested, the plaintiff bears the burden of establishing its

27  validity.").

28        How much diligence is "reasonable diligence"?  California

2

**United States District Court**
For the Northern District of California

1   cases instruct that never once attempting personal service is not

2   reasonable diligence, see <u>Burchett v City of Newport Beach</u>, 33 Cal

3   App 4th 1472, 1477 (1995), while making three or four unsuccessful

4   attempts at personal service at a location where the defendant is

5   likely to be found does constitute reasonable diligence, see <u>Bein v</u>

6   <u>Brechtel-Jochim Group, Inc</u>, 6 Cal App 4th, 1387, 1391-92 (1992);

7   <u>Espindola v Nunez</u>, 199 Cal App 3d 1389, 1392 (1988).

8          Despite this being the central issue presented by the

9   officers' motion to dismiss, plaintiff's declarations do not speak

10  with specificity to the efforts made at personal service.

11  Plaintiff's counsel, Stanley Hilton ("Hilton"), states that he was

12  told over the telephone that process servers generally are not

13  allowed to loiter at police stations waiting for officers.  Hilton

14  Decl (Doc #54) ¶2.  But this is merely research; it is not an

15  attempt at service.  Next, Hilton states that "in February and

16  March 2005 I made efforts to serve the individual officers in this

17  case."  Id ¶3.  But he does not state precisely when these attempts

18  were made, where he went, how many times he went and which of the

19  six officers he sought to serve.  Finally, Hilton states that "in

20  March 2005 I also made other diligent efforts to try to personally

21  serve the individual police officers."  Id ¶4.  This statement is

22  conclusory and discloses no <u>facts</u> about Hilton's attempts at

23  service.

24         Moreover, Hilton's claim of efforts at personal service

25  before mid-March is belied by the summons issuance history in this

26  case:  It was not until March 14, 2005 -- four days before the

27  court-imposed service deadline -- that Hilton obtained summonses

28  issued by the clerk.  Newdorf Decl (Doc #51) Ex B (summonses).  The

3

**United States District Court**
For the Northern District of California

1   docket reflects that the March 14, 2005, summonses are the <u>only</u>

2   ones issued by this court.  Thus Hilton he did not even possess a

3   summons to serve before March 14, 2005; he could not have made any

4   true attempt at personal service before March 14.  (No summons was

5   issued originally in this case because it was removed from state

6   court.)

7          Plaintiff also offers the declaration of Hilton's

8   paralegal, James Chaffee.  Chaffee describes going to the SFPD's

9   legal division, Chaffee Decl (Doc #56) ¶5, and then going to each

10  officer's duty station to leave a copy of the summons and

11  complaint.  While it appears that Chaffee effected proper

12  substitute service, it does not appear that he ever attempted

13  personal service.

14         In sum, the court finds no credible evidence that

15  plaintiff exercised any diligence (let alone reasonable diligence)

16  in attempting personal service before falling back on substitute

17  service.  To the contrary, it appears that plaintiff gave up on

18  personal service rather easily.  Locating and personally serving

19  police officers may be difficult, but this does not excuse

20  plaintiff from the diligence standard required by Cal Code Civ Pro

21  § 415.20(b).

22         Plaintiff also argues that the officers should be

23  estopped from raising a defense of insufficiency of service because

24  the SFPD's legal division told Hilton and Chaffee that substitute

25  service would be sufficient.  Setting aside the foolhardiness of

26  relying on one's adversary for legal advice, the estoppel argument

27  fails on the merits:  The statements of one entity (the SFPD's

28  legal division) cannot estop another (the officers, sued in their

**4**

United States District Court

For the Northern District of California

1    individual capacities), nor is it reasonable to rely on an

2    employer's representation about what rights its employee will or

3    will not insist upon when sued in an individual capacity.

4          Moreover, plaintiff was on notice that substitute service

5    was <u>contrary</u> to standard SFPD procedure.  In a June 22, 2004,

6    filing in connection with SFPD's motion to dismiss, the officer in

7    charge of the SFPD legal division stated that "General Order 3.14

8    authorizes the Legal Division to accept service of summons and

9    complaint on behalf of [SFPD].  It does not authorize the Legal

10   Division to accept service on behalf of individual police officers.

11   Under this order, individual officers 'are entitled to be

12   personally served with a Summons and Complaint.'"  Keohane Decl

13   (Doc #31) ¶¶3-4 (citation omitted).  The pertinent regulation was

14   attached to the declaration.  See id Ex A.  Thus plaintiff was on

15   notice that, even for police officers, substitute service was

16   appropriate only after a reasonably diligent effort at personal

17   service was unsuccessful.

18         Finally, even if plaintiff had exercised the reasonable

19   diligence required by California law, the court would still dismiss

20   the case against the officers for a reason not even mentioned by

21   the parties:  In its order of February 25, 2005, the court extended

22   the time for service under FRCP 4(m) through and including March

23   18, 2005.  Doc #42.  Summonses were left for the officers and

24   mailed to them on March 14, 2005, but Cal Code Civ Pro § 415.20(b)

25   provides that such substitute service "is deemed complete <u>on the</u>

26   <u>10th day after</u> the mailing" of the additional copy of the summons

27   and complaint.  Consequently, service was not complete until after

28   March 18, 2004; even if service was <u>sufficient</u> under Rule 4(e), it

**United States District Court**

For the Northern District of California

1 was not <u>timely</u> under Rule 4(m).  Rule 4(m) provides that in such a

2 situation, "the court, upon * * * its own initiative after notice

3 to the plaintiff, shall dismiss the action without prejudice."

4 Plaintiff was put on notice by the court's February 25, 2005, order

5 of the service deadline and the consequences for not meeting it.

6 Accordingly, a dismissal without prejudice is appropriate under

7 FRCP 4(m) as well as under FRCP 12(b)(5).

8                                    **\* \* \***

9          In sum, the officers' motion to dismiss (Doc #50) is

10 GRANTED.  The officers are DISMISSED without prejudice.  The

11 hearing set for May 26, 2005, is VACATED.  See Civ L R 7-1(b).  The

12 parties shall appear for a case management conference on May 31,

13 2005, at 9:00 am to discuss a further discovery plan.

14

15          IT IS SO ORDERED.

16

17                              _____/s/_____

18                              VAUGHN R WALKER

19                              United States District Chief Judge

20

21

22

23

24

25

26

27

28

**6**