IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
ZACHERY DUFFY,                           No   C-02-2250 VRW

         Plaintiff,                           ORDER

         v

SAN FRANCISCO POLICE DEPARTMENT
et al,

         Defendants.
                                       /
```

After failing to serve process within the period established by the court, plaintiff served a summons and complaint on certain individual officers of the San Francisco Police Department (SFPD) named as defendants in this action. Those officers -- Thomas Abrahamson, Jeffrey Barry, Herbert Najarro, A Freeman and Richard Trujillo (collectively, the "officers") -- move to dismiss the complaint pursuant to FRCP 12(b)(5) for insufficiency of service of process. Doc #64. H Fruchtenicht ("Fruchtenicht") also moves to dismiss the complaint under FRCP 4(m). Id. For the reasons that follow, the motion is GRANTED.

On February 25, 2005, the court ordered plaintiff to serve process on the officers on or before March 18, 2005, after plaintiff failed to serve process by the previous deadline of December 3, 2004.  As stated in the court's order, a "failure to serve any defendant by [March 18, 2005,] will result in the dismissal without prejudice of the action against that defendant."  Doc #42.  For reasons discussed in the April 29, 2005 order, the complaint was dismissed against six other officers after plaintiff failed to serve any of the officers sufficiently by the March 18, 2005, deadline.  The current officers did not join in the previous motion to dismiss (Doc #50) because "they did not contact the City Attorney's Office to obtain representation before the motion was heard."  Doc #64 at 1:15-16.  Plaintiff subsequently served process on these remaining officers.

Plaintiff essentially reargues the point raised in his previous opposition (Doc #53), that the substitute service attempted on March 14, 2005, should suffice since the San Francisco Police Department's (SFPD) legal division allegedly assured plaintiff that it would.  As discussed in the April 29, 2005, order, the flaw in plaintiff's argument is that the officers did nothing to make it appear that they authorized SFPD to accept service on their behalf.  See Cal Code Civ Proc § 416.90.  Moreover, the officers are under no greater duty to accept insufficient process than any member of the public, despite plaintiff's argument to the contrary.

Plaintiff also argues that the deadline for service of summons is tolled during litigation over the validity of service and that defendants are estopped from seeking dismissal whenever

they have caused plaintiff to forgo service.  Neither argument persuades.  First, litigation over the validity of service came after the March 18, 2005, deadline; the deadline had already passed and thus could not be tolled.  See Cal Code Civ Proc § 583.240(c). Were the court to accept plaintiff's reading of section 583.240(c), any deadline for service would be meaningless, as any motion to dismiss would extend that deadline.  Second, defendants did not cause plaintiff to forgo service; rather, everything in the record indicates that plaintiff's procrastination caused the insufficient service of process.  Plaintiff had three years in which to obtain summonses and serve the officers.  Doc #42 at 8-9.  On December 3, 2004, the 120-day period that plaintiff had to serve process after filing the second amended complaint expired pursuant to FRCP 4(m), but the court gave plaintiff until March 18, 2005, to serve the officers.  Plaintiff could have sought summonses on February 25, 2005, the date of the court's extension, giving him enough time to attempt personal service and, failing that, use substitute service. Plaintiff, however, waited until March 4, 2005, to seek summonses. When plaintiff obtained summonses on March 14, 2005, he still had the option of filing a motion to extend the March 18, 2005, deadline, but no such motion was ever filed.

        Instead, on March 14, 2005, plaintiff attempted substitute service, without first attempting personal service as required and with disregard to the 10-day period before substitute service becomes effective.  See Cal Code Civ Pro § 415.20(b). Plaintiff now complains that the rules and deadlines established by this court serve "no purpose except to conform to technical provisions of the law."  Doc #68 at 1:25-26.  Plaintiff bemoans the

3

evasiveness of the officers and the rigidity of the rules, overlooking the obvious root of his current predicament: His own cunctation in serving the officers. Plaintiff had three years in which to serve process on these defendants, and the court granted additional time besides, and yet plaintiff waited until just before the deadline to act. Accordingly, the court GRANTS defendants' motion in regard to Abrahamson, Barry, Najarro, Freeman and Trujillo.

      The court extended for good cause the time for plaintiff to serve process on Fruchtenicht until April 18, 2005. Doc #49. It is uncontested that plaintiff never served process on Fruchtenicht. Doc #75 at 4:9-11. Accordingly, the court GRANTS defendants' motion in regard to Fruchtenicht.

\* \* \*

      In sum, defendants' motion to dismiss is GRANTED. The officers and Fruchtenicht are DISMISSED without prejudice.

      IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge