IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHERY DUFFY, | No C-02-2250 VRW |
|     Plaintiff, | ORDER |
|     v | |
| SAN FRANCISCO POLICE DEPARTMENT et al, | |
|     Defendants. | |
| _____/ | |

After defendants removed this case to federal court on May 8, 2002, plaintiff filed a second amended complaint (SAC) against the San Francisco Police Department (SFPD), the City and County of San Francisco ("City") and ten individual police officers, alleging that the officers beat him and arrested and jailed him without probable cause because he was black.  Doc #34. The SAC included federal claims for deprivation of constitutional rights under 42 USC § 1983 and five state-law causes of action, to wit, false arrest, assault, battery and intentional and negligent infliction of emotional distress.  Id.

//

The court then dismissed the claims for intentional and negligent infliction of emotional distress (Doc #42 at 8), and for reasons spelled out in an order filed on April 29, 2005, dismissed the claims against the individual police officers pursuant to FRCP 12(b)(5) because plaintiff failed to exercise reasonable diligence in serving the officers. Doc ##60, 76. These orders left only the SFPD and the City as defendants —— putting aside any issue whether these are separate entities against which relief may be sought.

On September 1, 2005, the SFPD and the City moved for partial summary judgment on plaintiff's 42 USC § 1983 claims under <u>Monell v Dep't of Soc Servs</u>, 436 US 658 (1978), for compensatory and punitive damages, and on his claims for punitive damages under state law. Doc #77. Plaintiff did not file an opposition, but instead on November 14, 2005, filed an ex parte motion to extend the time to respond to the City's motion. Doc #80.

For the reasons stated below, the court DENIES plaintiff's motion for an extension of time and GRANTS the City's motion for partial summary judgment. Because no federal claims remain, the court REMANDS this case to San Francisco county superior court.

Without providing any specific reasons, plaintiff's counsel, Stanley G Hilton, claims that he "was not aware that the [summary judgment] motion was being heard and so failed by mistake and inadvertence to respond to the motion," and that "[t]he simplest method to remedy this situation is to allow an extension of time to permit counsel for plaintiff to respond to this motion." Id at 2.

//

The court declines to provide an extension. FRCP 6(b) permits the court upon a showing of cause to extend an already-expired deadline "where the failure to act was the result of excusable neglect." But here, Hilton's claim that he was "not aware" of the hearing is not credible, and his failure to act is not excusable. Hilton was present in person at the May 31, 2005, case management conference, which noticed hearing for October 6, 2005, on defendants' Monell summary judgment motion. Doc #65. The court clerk e-filed a minute entry for the meeting, thereby notifying Hilton at five e-mail addresses: frog727@aol.com, mscarver@aol.com, loucasloukas@yahoo.com, chaffeej@pacbell.net and stavros3589@aol.com. Doc #82, Ex A at 2-3. Hilton was also notified at the same e-mail addresses when, on September 1, 2005, defendants timely filed their summary judgment motion. Id at 4-5. And when the court continued the hearing date, the clerk filed a notice on September 12, 2005, notifying Hilton again at the same e-mail addresses. Id at 6-7. The court does not believe —— and Hilton does not contend —— that he failed to receive these e-mails. In fact, in another case filed on August 12, 2005, Hilton elected to receive electronic notices at these same five e-mail addresses. See Arikat et al v Chase Visa et al, C-05-3302 JW.

Additionally, this is not the first time in this nearly four-year old case that Hilton has failed to file papers on time or timely request an extension. Nearly five months after the deadline to file an amended complaint had passed, Hilton claimed that he "did not receive notice of the order dated August 13, 2002, of Judge Vernon [sic] Walker that placed a deadline of until September 3, 2002, to file an amended complaint." Doc #11. The court

extended this deadline, but ordered Hilton to attend a training course on e-filing on or before August 29, 2003, and "to e-file a declaration confirming his attendance." Doc #18. But instead of attending the training course, Hilton filed a paper letter requesting an extension because he claimed he would be unable to attend before the deadline. Doc #19. The record does not indicate whether Hilton ever attended the course.

Moreover, Hilton's carelessness has not been confined to this case. In Miller v City and County of San Francisco, C-98-0692 WHA, Hilton apparently claimed that although he received the City's motion for judgment on the pleadings, he did not file an opposition because "he did not receive papers in the ordinary course of business and that his office lost or misplaced mail." Doc #82, Ex B. Judge Alsup granted an extension but "ordered [Hilton] to organize his office and the circulation of mail within his office in such a manner that does not interfere with the ordinary course of this case." Id.

While sometimes unfortunate, "[i]f an attorney makes a mistake in the course of [his] representation of [his] client, the client must accept the consequences of that mistake." Moran v Burbine, 475 US 412, 462 (1986) (Stevens, J, dissenting). Hilton's failure to oppose the summary judgment motion appears to be but another instance of such unfortunate consequences. Accordingly, the court **DENIES** plaintiff's motion for an extension of time to file an opposition.

//
//
//

**4**

A party moving for summary judgment bears the burden of showing that there is no material factual dispute. Celotex Corp v Catrett, 477 US 317, 322-23 (1986). But when the moving party does not bear the burden of persuasion on an issue at trial, the moving party may discharge its burden of production by demonstrating "that the nonmoving party does not have enough evidence of an essential element [of its claim] to carry its ultimate burden of persuasion at trial." Nissan Fire & Marine Ins Co v Fritz Cos, 210 F3d 1099, 1102 (9th Cir 2000).

Section 1983 Monell claims require showing that municipal defendants have an official policy or custom causing a constitutional injury. Monell, 436 US at 690. "A plaintiff cannot demonstrate the existence of a municipal policy or custom based solely on a single occurrence of unconstitutional action by a non-policymaking employee." McDade v West, 223 F3d 1135, 1141 (9th Cir 2000). "Instead, it is when [the] execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injuries that [make] the government as an entity * * * responsible under § 1983." Monell, 436 US at 694.

Here, defendants allege that "plaintiff lacks evidence to support his allegation that the San Francisco Police Department had an official policy of stopping, detaining and beating African Americans." Doc #77 at 1. The court agrees. Even if plaintiff could prove that the officers who detained and arrested him did so without cause, hurled racial epithets at him and beat him, he has not provided any evidence that the officers did so pursuant to an official policy or custom of doing any of these things. Because

5

plaintiff has no evidence to support this essential element of his claim, the court GRANTS summary judgment for the SFPD and for the City on plaintiff's § 1983 Monell claim.

Moreover, because public entities in California, as a matter of law, cannot be liable for punitive damages on state law claims, Cal Gov Cod § 818, the court GRANTS summary judgment for the SFPD and for the City on plaintiff's claim for punitive damages.

Accordingly, the court DENIES plaintiff's motion for an extension of time and GRANTS defendants' motion for partial summary judgment. Because there are no longer any federal claims in this case, the court declines to exercise supplemental jurisdiction over whatever state law claims remain and REMANDS the case to San Francisco county superior court. The clerk is DIRECTED to close the file and TERMINATE all pending motions.

Furthermore, in contemplating whether Hilton's actions —— or perhaps more accurately his inactions —— warranted the attention of the court's committee on professional conduct, the court discovered that Hilton is not listed in the court's attorney roll as a member of the bar of this court. This was surprising as Hilton has appeared numerous times before the undersigned, who has also heard many of his colleagues recount episodes of Hilton appearing before them.

Civil L R 11-1 provides that except for attorneys employed or retained by the United States, attorneys appearing pro hac vice and certain certified law students, "only members of the bar of this Court may practice in this Court." And Civil L R 11-8 provides:

6

> A person who exercises, or pretends to be entitled to exercise, any of the privileges of membership in the bar of this Court, when that person is not entitled to avail themselves of such membership privileges, shall be subject to sanctions or other punishment, including a finding of contempt.

Accordingly, Hilton is ORDERED TO SHOW CAUSE in writing by March 17, 2006, either (1) that he is a member of the bar of this court or (2) if he is not a member, why he should not be sanctioned and found in contempt of court.  No extensions will be forthcoming.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

7