IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ZACHERY DUFFY,                                    No   C-02-2250 VRW

    Plaintiff,                                 ORDER

    v

SAN FRANCISCO POLICE DEPARTMENT et al,

    Defendants.
_____/

       On March 1, 2006, the court issued an order granting defendants' motion for partial summary judgment and remanding whatever state law claims remain to San Francisco county superior court. Doc #83. The defendants' motion was unopposed because plaintiff's attorney, Stanley G Hilton, neglected to file an opposition. Id at 2. The court denied Hilton's request for an extension to file an opposition because of Hilton's repeated failure to file papers on time or timely request an extension in this case and in another case before the court. Id at 3-4.

       In contemplating whether Hilton's actions warranted the attention of the court's committee on professional conduct, the court discovered that no one by the name of Stanley G Hilton was listed in the court's attorney roll as a member of the bar of this

court.  Id at 6.  Accordingly, Hilton was ordered to show cause either (1) that he is a member of the bar of this court or (2) if he is not a member, why he should not be sanctioned and found in contempt of court.  Id at 7.

Rather than provide a unified response, Hilton submitted two letters and three responses to the court's order; only two of these submissions were filed electronically.  Doc ##84-87.  Hilton explained that he had been admitted to practice before this court under the name "Stanley Goumas" and that he had changed his name in 1977 to "Stanley Hilton" without notifying the court.  Doc ##84-87.  Hilton stated that he had spoken with the court clerk and that the court's record would be changed to reflect his current name.  Doc #86.  Needless to say, changing the name under which one carries on a licensed professional practice without proper notice is problematic, at best.

Putting this problem aside, the court remains concerned that Hilton failed to perform legal services competently in this case.  This concern is further amplified by Hilton's response, in which he states, "as the court concluded [in its previous order] there were no 'Monell' racial policies by the city police in this case, it appears that an opposition to the motion for summary adjudication would have been futile, and that a statement of non-opposition in effect was called for."  Doc #84 at 2 (original, inexplicably, in all caps).  Combined with Hilton's earlier inaction, this statement suggests at the very least that Hilton did not discharge his obligations to his client because he was unfamiliar with the facts and law of this case.  See Civ L R 11-4(a)(5).  Accordingly, pursuant to Civ L R 11-6(a)(4), the court

2

1  **DIRECTS the clerk to refer this matter to the court's Standing**
2  **Committee on Professional Conduct to determine whether the court**
3  **should refer Hilton to the State Bar of California for an inquiry**
4  **whether Hilton has failed to perform legal services competently or**
5  **take other action as a result of the matters described in this**
6  **order and in the court's March 1, 2006 order (Doc #83).**

7  **Finally, the court notes that it had instructed Hilton to**
8  **attend the court's "Train the Trainer" course on the district's e-**
9  **filing system and "to e-file a declaration confirming his**
10 **attendance." Doc #18. But instead of attending the training**
11 **course, Hilton filed a paper letter requesting an extension because**
12 **he claimed he would be unable to attend before the deadline. Doc**
13 **#19. The record does not indicate whether Hilton ever attended the**
14 **course.**

15 **Because Hilton never submitted proof that he attended the**
16 **e-filing training course, the court once again DIRECTS Hilton to**
17 **provide proof of his attendance. This proof must be submitted by**
18 **May 15, 2006, via the court's e-filing system. If Hilton has yet**
19 **to attend this course in person, he can find information about it**
20 **online at https://ecf.cand.uscourts.gov/cand/tutorials_training.htm**
21 **or by calling the court's toll-free e-filing help line at (866)**
22 **638-7829. No extensions of time will be granted.**
23 *//*
24 *//*
25 *//*
26 *//*
27 *//*
28 *//*

**3**

1  **Furthermore, Hilton is ORDERED to submit proof not later**
2  **than ten days after entry of this order that he has provided a copy**
3  **of this order and the court's March 1, 2006 order upon his client**
4  **in this matter.**

6  **IT IS SO ORDERED.**

9  **VAUGHN R WALKER**
10 **United States District Chief Judge**